**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4282**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEAT SHAUN WINGATE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Matthew J. Perry, Jr., Senior District Judge.  (3:03-cr-00015-MJP-1)

Submitted:  October 10, 2007        Decided:  October 23, 2007

Before TRAXLER, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joshua Snow Kendrick, JOSHUA SNOW KENDRICK, P.C., Columbia, South Carolina, for Appellant.  Stanley D. Ragsdale, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keat Shaun Wingate appeals his 240-month sentence imposed by the district court following resentencing. Wingate pleaded guilty to one count of conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2000). The district court originally sentenced Wingate to 262 months' imprisonment, based upon its mandatory application of the sentencing guidelines, and its enhancement of Wingate's base offense level based upon facts found by a preponderance of the evidence by the court and not charged in the indictment or admitted by Wingate, in violation of the Supreme Court's directive in United States v. Booker, 543 U.S. 220 (2005), which case was decided after the original sentencing, but before Wingate's appeal. We affirmed Wingate's conviction and held that the district court correctly determined Wingate's base offense level, but vacated his sentence in light of Booker.

On remand, the district court sentenced Wingate to 135 months' imprisonment, below the applicable mandatory statutory minimum sentence. The Government appealed, contending that the district court erred in sentencing Wingate below the twenty-year statutory mandatory minimum sentence. We remanded the case again, directing the district court to consider the application of the mandatory minimum sentence, as well as the constitutional and statutory sentencing mandates espoused in Booker. The district

court then imposed the statutory mandatory minimum sentence of 240 months' imprisonment, and a ten-year term of supervised release.

Wingate again appeals. His counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but again challenges Wingate's sentence. Wingate was given an opportunity to file a supplemental pro se brief, but has not done so.

We find that the district court sentenced Wingate to the 240-month term of imprisonment following proper application of the appropriate statutory and constitutionally mandated factors, after consideration of the information and arguments presented to it in the course of the sentencing hearings, and we further find that it adequately explained its reasons for imposing a sentence at the statutory mandatory minimum. The district court fully complied with the mandates of Booker, and Wingate's resulting sentence was reasonable and not in violation of his Sixth Amendment rights.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Wingate's sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>